## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KIRK A. JUNEAU,

               **Plaintiff,**

vs.                                           **CIV No. 02-310 LH/LFG-ACE**

INTEL CORPORATION,

               **Defendant.**


KIRK A. JUNEAU,

               **Plaintiff,**

      v.                                   **CIV No. 02-0613 MCA/LFG-ACE**

INTEL CORPORATION,

               **Defendant.**


MARVIN A. (Jake) ERVIN,

               **Plaintiff,**

      v.                                 **CIV No. 02-614 LH/LFG-ACE**

INTEL CORPORATION,

               **Defendant.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on motions to remand filed by each of these

Plaintiffs.[1]  The Court, having considered the motions and briefs, as well as relevant case law,

---

[1] These motions are Docket No. 6 in CIV No. 02-613 and Docket No. 9 in CIV No. 02-614.

concludes that both of these motions are well-taken and will be **granted**.  Given the Court's

conclusion that it lacks subject matter jurisdiction, both CIV No. 02-613 and CIV No. 02-614 must

be remanded to the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.

## Background

The Plaintiffs are former employees of Defendant Intel ("Intel").  They each filed a complaint

in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, following

termination by Intel.  These complaints include counts of retaliation, breach of contract, breach of the

covenant of good faith and fair dealing, defamation, and  prima facie tort.  Intel removed both cases

to this Court on diversity grounds.  United States Magistrate Judge Garcia subsequently consolidated

the above-referenced cases. (Docket No. 9 in CIV No. 02-310).  Plaintiffs filed the immediate

motions to remand their cases to state court, asserting that this Court lacks subject matter jurisdiction

because the jurisdictional amount in controversy has not been sufficiently established.

## Legal Standard

When a case is removed, it is the defendant's burden to establish the amount in controversy.

*Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).  Federal court jurisdiction is to be

strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941).  There is a

presumption against removal jurisdiction.  *Laughlin v. KMart Corp.* at 873.  The Court must resolve

all doubts against removal.  *Fajen v. Roundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.

1982).  The amount in controversy is ordinarily determined by the allegations of the complaint, or,

where they are not dispositive, by the allegations in the notice of removal.  *Id.*  When the face of the

complaint does not affirmatively establish the requisite amount in controversy, the burden is on the

removing party to set forth, in the notice of removal itself, underlying facts supporting five assertion

that the minimum jurisdictional amount for diversity jurisdiction exists.  *Id.*  The notice of removal

must contain a short and plain statement of the grounds for removal.  28 U.S.C. § 1446(a).  In *Martin*

*v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), the Tenth Circuit interpreted the

*Laughlin* case to require that, at a minimum, the jurisdictional amount must be shown by a

preponderance of the evidence.  Where neither the complaint nor the notice of removal suffices, the

Court may also consider other relevant materials in the record.  *Varela v. Wal-Mart Stores, East,*

*Inc.*, 86 F. Supp.2d 1109, 1111 (D.N.M.2000)(*citations omitted*)[2].

**Plaintiffs' Motions to Remand**

Before embarking on this analysis, I point out that although the claims of these two Plaintiffs

have been consolidated for pretrial purposes, their claims are separate and distinct and will not be

aggregated to satisfy the jurisdictional amount.[3]

It is incumbent on this Court to determine whether Intel has met its burden to establish that

the amount in controversy is more than $75,000.  In this regard I will first examine the allegations in

the complaints.  They are quite similar so will be discussed jointly.  In four of the five counts,

---

[2]  This does not mean that the Court may consider allegations or arguments in either party's briefs.  The Court is strictly limited to *evidence* in the record before it.  *See Higgins v. Compris Technologies, Inc.*, 1997 WL 851261 (D.Kan. 1997).

[3]  Aggregation is proper only in the limited situation where two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.  *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

Plaintiffs merely state that they suffered nonspecific damages.  In the defamation count, each Plaintiff alleges damage to his good name and reputation, damage to his standing in the community and in his professional field, loss of employment and other benefits of employment, loss of earning capacity and personal humiliation, mental anguish and emotional distress.  In the prayer for relief, Plaintiffs request an award of backpay, frontpay, restitution of lost benefits, compensatory and punitive damages, damages for emotional distress and humiliation, pre- and post-judgment interest, and attorney's fees and costs.  In conformity with state court procedure[4], no specific amount of damages is mentioned.  Obviously the amount in controversy cannot be determined from the allegations of either of these complaints.

I next examine each notice of removal to determine whether it shows that the amount-in-controversy requirement has been met.  As noted by the *Laughlin* opinion, the party requesting removal must, in the notice of removal itself, set forth the underlying facts supporting the assertion that the minimum amount-in-controversy has been met.  *Laughlin v. KMart Corp.* at 873.  As evidence regarding Plaintiffs' compensation and benefits, Intel incorporated by reference the Affidavit of Patrick J. Duffy, which the Court will consider.

**Plaintiff Ervin**

Mr. Duffy's affidavit states that he is the Intel human resources attorney.  Paragraph 3 of this affidavit states that Plaintiff Ervin was terminated on February 2, 2002;  that his base salary was $37,580.00 per year;  that including over-time pay, Mr. Ervin's income for the last full year of employment with Intel was $60,806.65; and, that he also received annual profit sharing contributions

---

[4]*See* N.M.R.CIV.P. 1-010B.

and benefits worth approximately $17,025.86.

Intel relies heavily on Mr. Ervin's wage and benefit information for the year 2001, his last full year of employment with Intel.  As noted in Mr. Ervin's brief, this information includes significant over-time income.  Intel provides the Court with no underlying facts to establish what the claimed amount of lost income and benefit damages might be, but rather asks the Court to assume in effect that Mr. Ervin seeks at least one year of lost wages and benefits.  There is no factual basis for this in the record before the Court.  Intel also notes that Mr. Ervin claims punitive damages and damages for injury to his name, reputation and standing within his community, causing him personal humiliation, mental anguish and emotional distress.  Again, Intel provides the Court with no underlying facts to establish what the claimed amount of those damages might be.  Unlike the injuries in the *Hanna v. Miller*[5] case, the Court is unable to make any reasonable inferences that these employment-related injuries give rise to a claim in excess of $75,000.  Because Intel's removal is based on speculation as to what damages Mr. Ervin seeks rather than underlying facts of the minimum jurisdiction amount, proven by a preponderance of the evidence, Mr. Ervin's motion to remand will be granted.

**Plaintiff Juneau**

The income and benefit figures in Mr. Duffy's affidavit relating to Mr. Juneau are smaller than those for Mr. Ervin.  The arguments of the parties are the same as those used in support of and in opposition of Mr. Ervin's motion to remand.  Accordingly, the Court reaches the same conclusion for the reasons stated above that  Mr. Juneau's motion to remand will be granted.

---

[5]   163 F.Supp.2d 1302, 1307 (D.N.M.2001).

**Conclusion**

The "amount in controversy" involves an inquiry into what the plaintiff potentially stands to gain from a lawsuit, or what the defendant's possible exposure to liability may be. *See* 15 MOORE'S FEDERAL PRACTICE, § 102.109[1](3d ed. 2000).  Based on the contents of the complaint, the notice of removal and Mr. Duffy's affidavit, the Court concludes that Intel has not offered sufficient facts to establish by a preponderance of the evidence that each of the Plaintiff's employment-related injuries give rise to a claim in excess of $75,000.

**WHEREFORE,** for the reasons stated above, Plaintiffs' motions to remand shall be **granted**, and both CIV No. 02-613 and CIV No. 02-614 shall be remanded to the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**